IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILLIAM SCHNEIDER | ) | |
| | ) | |
| Plaintiff, | ) | 8:99CV0315 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| PAUL F. SEGER, KAREN M. SEGER, | ) | |
| DOUGLAS W. MATSCHULLAT, and | ) | |
| HELEN SUE MATSCHULLAT, | ) | |
| | ) | |
| Plaintiffs, | ) | 4:99CV3056 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| TIMOTHY M. GRAY and MARGARET | ) | |
| S. GRAY, | ) | |
| | ) | |
| Plaintiffs, | ) | 4:99CV3154 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| LAZY HORSESHOE RANCH, | ) | |
| | ) | |
| Plaintiff, | ) | 4:99CV3153 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on class representatives' motion for partial summary judgment on conveyance issues under Nebraska state law (Filing No. 293 in 8:99CV0315; Filing No. 270 in 4:99CV3056; Filing No. 252 in 4:99CV3154; Filing No. 198 in 4:99CV3153) and on defendant's cross motion for partial summary judgment (Filing No. 296 in 8:99CV0315; Filing No. 274 in 4:99CV3056; Filing No. 255 in 4:99CV3154; Filing No. 201 in 4:99CV3153).  Having reviewed the motions, the parties' briefs and evidentiary submissions, and the applicable law, the Court finds that both motions should be granted in part and denied in part.

### STANDARD OF REVIEW

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Philip v. Ford Motor Co.*, 328 F.3d 1020, 1023 (8th Cir. 2003). The proponent of a motion for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed.

-2-

R. Civ. P. 56(c)).  The proponent need not, however, negate the opponent's claims or defenses.  *Id*. at 324-25.

In response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).  A "genuine" issue of material fact is more than "some metaphysical doubt as to the material facts."  *Id*. at 586.  "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted."  *Id*. at 249-50 (citations omitted).

## BACKGROUND

In this class action, class representatives ("plaintiffs") are seeking compensation from the United States for alleged Fifth Amendment takings of their property interests in connection with the 1983 enactment of 16 U.S.C. § 1247(d) ("Rails-to-Trails Act").[1]  The class action concerns

---

[1] 16 U.S.C. § 1247(d)states in pertinent part:

Consistent with the purposes of that Act, and in furtherance of the national policy to preserve established railroad rights-of-way for future reactivation of rail service, to protect rail transportation corridors, and to encourage energy efficient transportation use, in the case

approximately 3,500 parcels and approximately 1,400 deeds and

other instruments.   The parties have identified twenty-eight

categories based on the source of the railroads' interests, and

classified the parcels under these categories.   The parcels at

issue in these motions are the parcels for which the instruments

of conveyance are governed by Nebraska law.   The following state

law categories of parcels are at issue:   Category 4.2; Category

7.0; Category 17; and Category 25.

     The plaintiffs move for partial summary judgment,

seeking an order from the Court stating that at the time of

conveyance, the railroads obtained easements in the disputed

parcels, rather than fee interests, and therefore, the plaintiffs

claim they are entitled to compensation.   Conversely, the United

States ("defendant") moves for partial summary judgment, arguing

_____

       of interim use of any established railroad rights-of-way
       pursuant to donation, transfer, lease, sale, or otherwise in
       a manner consistent with this chapter, if such interim use
       is subject to restoration or reconstruction for railroad
       purposes, such interim use shall not be treated, for
       purposes of any law or rule of law, as an abandonment of the
       use of such rights-of-way for railroad purposes.  If a
       State, political subdivision, or qualified private
       organization is prepared to assume full responsibility for
       management of such rights-of-way and for any legal liability
       arising out of such transfer or use, and for the payment of
       any and all taxes that may be levied or assessed against
       such rights-of-way, then the Board shall impose such terms
       and conditions as a requirement of any transfer or
       conveyance for interim use in a manner consistent with this
       chapter, and shall not permit abandonment or discontinuance
       inconsistent or disruptive of such use.

that the railroads obtained fee interests in the disputed
parcels, and there were no Fifth Amendment takings.

**DISCUSSION**

**Category 4.2**

Category 4.2 contains thirty-five parcels, which are
covered by twenty-six private deeds to railroads.  Each of the
twenty-six deeds are entitled "Right of Way Deed."  There are
three slightly different versions of the Category 4.2 deeds.
Twenty-one of the parcels are covered by deeds that contain
language similar to the following:

> do hereby grant, bargain, sell and
> convey unto the Nebraska and
> Colorado Railroad Company, its
> successors and assigns the
> following described Real Estate
> situated in Saline County, State of
> Nebraska, to wit:  The right of way
> 100 feet wide, it being 50 feet on
> each side of the centreline of the
> Railroad of said company as located
> upon [the described property] . . .
> to have and to hold the same unto
> the said Railroad Company, its
> successors and assigns.

(Filing No. 293 in 8:99CV0315 at 3, ¶ 3).[2]

The second version of Category 4.2 deeds, which cover
twenty-one parcels, contain the following language:

---

[2] The Court will cite solely to the filings in Case No.
8:99CV0315 throughout this memorandum and order.  Any reference to a
filing in Case No. 8:99CV0315 applies to the corresponding filings in
the other class representatives' cases.

> do hereby grant bargain sell and
> convey unto Nebraska and Colorado
> Railroad Company its successors and
> assigns, the following described
> Real Estate situated in Saline
> County, State of Nebraska, to wit:
> The right of way 100 feet wide, it
> being 50 feet on each side of the
> centre line of the Railroad of said
> company as located upon [the
> described property] . . . to have
> and to hold the same unto the said
> Railroad Company its successors and
> assigns and such additional right
> of way as may be required to
> construct said road.

(*Id.* at 3-4, ¶ 4).

Finally, there is one parcel that is covered by the third version of Category 4.2 deeds.  The deed states, in pertinent part:

> do hereby grant bargain sell and
> convey unto Nebraska and Colorado
> Railroad Company, its successors
> and assigns the following described
> Real Estate situated in Saline
> County, State of Nebraska, to wit:
> A strip of ground 100 feet wide, it
> being 50 feet on each side of the
> centre line of the Railroad of said
> company as located upon [the
> covered property] . . . and such
> additional right of way as may be
> required to build said road to have
> and to hold the same unto the said
> Railroad Company, its successors
> and assigns.

(*Id.* at 4, ¶ 5).

Under Nebraska law, "[a]n otherwise effective conveyance of property transfers the entire interest which the conveyor has and has the power to convey, unless an intent to

-6-

transfer a less interest is effectively manifested."  Neb. Rev.
Stat. § 76-104.  The purpose of this presumption is to "maintain
the stability and certainty of real estate titles and favor the
vesting of fee estates in the interest of maintaining the freedom
of alienability of property."  *Sun Oil Co. v. Emery*, 164 N.W.2d
644, 646 (Neb. 1969).  To determine the nature of a conveyance,
courts look to the intent of the parties, as expressed in the
language of the entire instrument.  *Nebraska Dept. of Roads v.
Union Pacific RR. Co.*, 490 N.W.2d 461, 465 (Neb. 1992).
"[O]rdinarily, in the event of repugnancy and inconsistency
between grant, habendum, and description clauses of a deed, the
granting clause will prevail."  *Poppleton v. Village Realty Co.,
Inc.*, 535 N.W.2d 400, 403 (Neb. 1995).

   "The mere presence of the term 'right of way' does not,
in and of itself, indicate an intent to convey an easement."
*Hash v. United States*, 454 F. Supp. 2d 1066, 1072 (D. Idaho
2006).  "Rather, when appearing outside of the granting clause,
the term is of limited value because it has two meanings.  Right
of way refers to (1) a right to cross over the land of another,
an easement, and (2) the strip of land upon which a railroad is
constructed."  *Id.* (citing *Joy v. City of St. Louis*, 138 U.S. 1,
11 (1891)).  The term "right of way" can be "used to describe
that strip of land upon which railroad companies construct their
road bed, and, when so used, the term refers to the land itself,

not the right of passage over it."  *Black's Law Dictionary* 1326

(6th ed. 1990).

In *Hash v. United States*, 454 F. Supp. 2d 1066 (D.

Idaho 2006) ("*Hash II*"), the United States District Court for the

District of Idaho considered whether railroads were granted a fee

estate or an easement in deeds containing language very similar

to the language in the Category 4.2 deeds in this case.  The

first of two deeds cited in *Hash II* stated, in pertinent part:

> [Grantors] have granted, bargained
> and sold and by these presents do
> grant, bargain, sell, convey and
> confirm until [Pacific & Idaho],
> and to its successor and assigns
> forever, all the following
> described real estate. . . .
>
> A right of way one hundred feet in
> width being fifty feet on each side
> of the center line of the survey of
> [Pacific & Idaho] . . . and
> [Pacific & Idaho] will also put a
> box across the road bed upon such
> right of way . . . and will fence
> such right of way.

*Hash II*, 454 F. Supp. 2d at 1071.  A second deed cited in *Hash II*

read, in pertinent part:

> [Grantors] have granted, bargained
> and sold and by these presents do
> grant, bargain, sell, convey and
> confirm until [Pacific & Idaho],
> and to its successor and assigns
> forever, all the following
> described real estate. . . .
>
> A right of way one hundred feet in
> width being fifty feet on each side
> of the center line of the survey of

-8-

                    [Pacific & Idaho] . . . and
                    [Pacific & Idaho] will also put a
                    box across the road bed upon such
                    right of way . . . and will fence
                    such right of way.

*Id.*

       The court in *Hash II* noted that the words "right of way" appeared only in the descriptive clause of the deed, rather than the granting or habendum clauses. *Id.* at 1074. Applying Idaho state law, the court determined that the use of the term "right of way" was not determinative of an intent to create an easement. Instead, the court determined that the term was used in a descriptive sense to describe the parcel of land conveyed to the railroad, and not a desire to convey merely an easement to the railroad. *Id.*

       The Court finds the reasoning of the district court in *Hash II* to be persuasive. In each version of the Category 4.2 deeds in the present case, the granting clause grants "real estate" to the railroads. Under Nebraska law, an easement is not real estate; rather, an easement is an interest in real estate. *Voltmer Family Farms, Inc. v. Board of Equalization of Richardson County*, 343 N.W.2d 755, 757 (Neb. 1984). The granting clause does not include any "exceptions, reservations, or specifications for the use of the land conveyed," indicating that the parties intended to convey a fee interest. *Elton Schmidt & Sons Farm Co. v. Kneib*, 507 N.W.2d 305, 308 (Neb. App. 1993). In addition,

immediately following the granting clause, the Category 4.2 deeds

go on to describe the "real estate" as either "the right of way"

or a "strip of ground" in the descriptive clause.  As recognized

by the court in *Hash II*, the terms "right of way" and "strip of

ground" can be used interchangeably.  454 F. Supp. 2d at 1072.

Furthermore, the mere fact that the Category 4.2 deeds are titled

"right of way deed" is not a determinative factor.  See *Union*

*Pacific*, 490 N.W.2d at 465 (finding deeds titled "right of way

deeds" conveyed fee titles).  As defendant points out, the

plaintiffs have stipulated that other deeds in this class action

that were titled "right of way deeds" conveyed fee estates,

rather than easements (Filing No. 298, Exs. 2 and 3).  The Court

finds that when read in their entirety, the Category 4.2 deeds

convey fee interests.

**Category 7.0**

There is one Category 7.0 instrument at issue, which

provides, in pertinent part:

> In consideration that the Omaha and
> Republican Valley Railroad Company,
> its successors and assigns shall
> erect and forever maintain a Depot
> and side track sufficient to
> accommodate its business of said
> railroad at that point in loading
> and unloading and in passing and
> repassing of tracks at and upon
> [the described property,] *I do*
> *hereby give grant bargain sell*
> *convey and confirm unto the Omaha*
> *and Republican Valley Railroad*
> *Company and its successors and*

-10-

> *assigns a certain strip or parcel*
> *of land* being and situate in Gage
> County State of Nebraska (150) one
> hundred and fifty feet in width and
> extending along its line of located
> track . . . also fifty (50) feet
> additional on the east side of the
> track . . . .
>
> *The company and said Holmes the*
> *grantor both have a right to quarry*
> *rock on said right of way.*
>
> *Holmes reserves the right to erect*
> *a ten foot dam on the Blue River*
> *adjacent to said right of way. To*
> *have and hold for right of way*
> *subject to water flows caused by*
> *the erection of a dam as above over*
> *and across the same and occupancy*
> *as aforesaid.*
>
> Also to have and enjoy at all times
> the privileges to quarry and remove
> the stone contained upon the within
> track but not to the exclusion of
> said grantor in case he may desire
> to quarry and remove stone from
> such track.

(Filing No. 293 at 5, ¶8).

Similar to the Category 4.2 deeds, the Court finds the

Category 7.0 deed conveys a fee interest, rather than an

easement.  The granting clause uses the phrase "a certain strip

or parcel of land, which is indicative of a fee interest.  *Union*

*Pacific*, 490 N.W.2d at 681.  The granting clause does not contain

limiting language, and although the body of the deed contains the

phrase "right of way," the language in the granting clause is

controlling.  *See Poppleton*, 535 N.W.2d at 403.

**Category 17**

There are two Category 17 parcels for which the deed could not be found or the wrong deed appears at the specified book and page number.  The first deed at issue in Category 17 is parcel 55 on Trail 15.  The second deed at issue is parcel 14 on Trail 11.  The Court finds that both the plaintiffs' and the defendant's motion for summary judgment with respect to these two Category 17 parcels should be denied because there are genuine issues of material fact precluding summary judgment.  The Court will permit the parties to present extrinsic evidence of contemporaneous instruments to aid in the determination of the interest conveyed.

**Category 25**

The final category of deeds at issue in these motions is Category 25.  Category 25 initially covered thirty-four parcels; however, the parties have reach agreements as to several of the parcels.  The deeds of conveyance in these category are between two railroads, for which the deeds of conveyance originally transferring property from an adjoining or underlying landowner to a railroad are unavailable.  The deeds are either quitclaim deeds, warranty deeds, or deeds of conveyance.  Deeds for two parcels are missing, while several parcels are covered by the same deed.  The plaintiffs agree that where the defendant has shown that the granting railroad acquired a fee estate in a

parcel and in turn granted a fee interest to a second railroad, the second railroad obtained a fee interest.  Plaintiffs acknowledge the railroads obtained fee interests in the Category 25 parcels for which there are earlier Category 23 conveyances, which demonstrate the granting railroad had a fee interest in the property prior to granting the fee interest to the second railroad (Filing No. 302 at 16, n.9).  These parcels include: (1) Parcel 14, Map S-10A, Sheet 19, Valuation Section 4, of Trail 13; (2) Parcel 15, Map S-10C, Sheet 32, Valuation Section 4, of Trail 13; (3) Parcel 21, Map S-10C, Sheet 35, Valuation Section 4, of Trail 13; (4) Parcel 25, Map S-10C, Sheet 35, Valuation Section 4, of Trail 13; (5) Parcel 27, Map S-10C, Sheet 36, Valuation Section 4, of Trail 13; (6) Parcel 30, Map S-10C, Sheet 36, Valuation Section 4, of Trail 13.  Plaintiffs also acknowledge that Parcel 41, Map S-3-B, Sheet 3, Valuation Section 2-C, of Trail 3, conveyed a fee interest to the railroad.

Defendant concedes that the following deeds conveyed only easements to the second railroad: (1)Parcel 5, Map 3, Sheet 1, Valuation Section 3-B, of Trail 7; (2) Parcel 17, Map S-10C, Sheet 33, Valuation Section 4, of Trail 13; (3) Parcel 20-G, Map S-10C, Sheet 34, Valuation Section 4, of Trail 13; (4) Parcel 62, Map S-10B, Sheet 28, Valuation Section 4, of Trail 13; (5) Parcel 11-A, Sheet 31, Valuation Section 4, of Trail 13; (6) Parcel 20, Map S-10C, Sheet 33, Valuation Section 4, of Trail 13; (7) Parcel

20-E, Map S-10C, Sheet 34, Valuation Section 4, of Trail 13; (8)

Parcel 24, Map S-10C, Sheet 35, Valuation Section 4, of Trail 13;

and the last two parcels listed in Filing No. 293, Ex. 13 at 2).

With respect to the remaining parcels in Category 25,

the Court finds there are genuine issues of material fact

precluding summary judgment.  Accordingly,

IT IS ORDERED:

1)   Class representatives' motion for partial summary

judgment on conveyance issues under Nebraska state law is granted

in part and denied in part, as follows:

> A)   The motion is granted with
> respect to the various parcels in
> Category 25, for which defendant
> has conceded only an easement was
> granted to the railroad; and
>
> B)   The motion is denied in all
> other respects; and

2)   Defendant's cross motion for partial summary

judgment is granted in part and denied in part as follows:

> A)   The motion is granted with
> respect to Categories 4.2, 7.0, and
> various parcels in Category 25, for
> which the plaintiffs have conceded
> the railroad obtained a fee
> interest; and

         B)    The motion is denied in all
         other respects.

   DATED this 1st day of August, 2007.

                              BY THE COURT:

                              /s/ Lyle E. Strom
                              _____
                              LYLE E. STROM, Senior Judge
                              United States District Court

                         -15-