IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILLIAM SCHNEIDER, | ) | |
| | ) | |
| Plaintiff, | ) | 8:99CV0315 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| PAUL F. SEGER, KAREN M. SEGER, | ) | |
| DOUGLAS W. MATSCHULLAT, and | ) | |
| HELEN SUE MATSCHULLAT, | ) | |
| | ) | |
| Plaintiffs, | ) | 4:99CV3056 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| TIMOTHY M. GRAY and MARGARET | ) | |
| S. GRAY, | ) | |
| | ) | |
| Plaintiffs, | ) | 4:99CV3154 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| LAZY HORSESHOE RANCH, | ) | |
| | ) | |
| Plaintiff, | ) | 4:99CV3153 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on plaintiff landowners' motion[1] for determination on measure of damages (Filing No. 347 in 8:99CV0315; Filing No. 322 in 4:99CV3056; Filing No. 301 in 4:99CV3154; Filing No. 248 in 4:99CV3153).[2] Having reviewed the motion, the parties' briefs and evidentiary submissions, and the applicable law, the Court finds that plaintiffs' motion, to the extent it requests the Court to modify the holding in the August 29, 2003, order (Filing No. 216), should be denied.

### DISCUSSION

The parties have reached the damages determination phase of this case, and this motion arises out of a request made by plaintiffs during a telephonic conference on March 6, 2008, for clarification on the issue of the proper measure of damages. The Court requested briefing from the parties on this issue in an order dated March 20, 2008 (Filing No. 344).

---

[1] Defendant objects to the plaintiffs' filing of a motion, rather than a brief as requested by the Court in the March 20, 2008, order at Filing No. 344. While it is true that the Court requested "briefs" rather than a "motion," the Court appreciates plaintiffs' difficulty in filing a brief outside of the context of a motion and finds plaintiffs' motion is an acceptable vehicle for requesting a determination of the appropriate measure of damages in this matter.

[2] For the remainder of this memorandum and order, the Court will cite solely to the filings in Case No. 8:99CV0315. Any reference to a filing in Case No. 8:99CV0315 applies to the corresponding filings in the other class representatives' cases.

Plaintiffs essentially request the Court to find that the damages should be measured in a manner different from that set forth in the Court's August 29, 2003, order ("the 2003 Order") (Filing No. 216).  The 2003 Order cites *Lucas v. Ashland Light, Mill & Power Co.*, 138 N.W. 761 (1912), and states:

> Although it involves a set of facts quite different from the case at bar, the Court nonetheless finds the *Lucas* opinion to be instructive.  In this case, there was clearly a change from one public use to another when the railroads were essentially converted to recreational trails.  Like *Lucas*, the change does not rise to the level of abandonment, but the property owners "should be allowed to recover from defendant all damages which their property has sustained by the new use . . . if any, over and above the damages caused by the [previously] authorized use."

(Filing No. 216 at 15-16) (citing *Lucas*, 138 N.W. at 765).  In *Lucas*, the defendant obtained an easement through condemnation proceedings to build a dam fifteen feet tall, which would flood surrounding land, in order to build a flour mill.  *Lucas*, 138 N.W. at 762.  Later, a higher dam was built under the easement to generate electricity for Ashland, Nebraska.  Owners of the land burdened by the easement asked the court to remove the dam and prohibit the new unauthorized use.  *Id*.  The Nebraska Supreme Court held:

> The change is from one public use to another, and not a change from a public to a private use. The present use of the power is not such a change from that authorized by the ad quod damnum proceedings as to amount to an abandonment and justify the destruction of the property. The owners of property included in the ad quod damnum proceedings should be allowed to recover from defendants all damages which their property has sustained by the new use of the water power, if any, over and above the damages caused by the use authorized by the ad quod damnum proceedings.

*Id.* at 765.

Plaintiffs claim the Court's discussion of the measure of damages in the 2003 Order was dictum (Filing No. 348 at 28). They cite *Moore v. United States*, 54 Fed Cl. 747, 749 (2002), and contend the proper measure of damages in this matter is the "difference in value before and after the taking," or in other words, the difference between "the fair market value of the entire affected parcel as if the easement did not exist" and the fair market value of the parcel "in light of the taking" (Filing No. 348 at 23-24). Plaintiffs argue that "[i]n all other rails-to-trails takings cases filed in other courts that have proceeded to determining damages, the damages were assessed based on [the above] "before and after" assumptions . . . ." (Filing No. 348 at 7).

In contrast, defendant asserts that the proper measure of damages is the incremental difference between the value of the land burdened by the recreational trail and the value of the land burdened by the railroad easement as the Court stated in the 2003 Order.  Defendant argues that by filing its motion for determination on measure of damages, plaintiffs are impermissibly seeking a second reconsideration of the 2003 Order.  Following the entry of the 2003 Order, plaintiffs filed a motion for reconsideration, requesting the Court to reconsider its grant of summary judgment in favor of the defendant on the issue of abandonment (Filing No. 226).  In the brief in support of the motion for reconsideration, plaintiffs stated they were seeking reconsideration "because(1) they believe that the Court applied an erroneous analysis to the abandonment issue, and that as a result, the Court resolved the issue of liability in a manner which will defeat plaintiffs' ability to recover the full measure of damages to which they are entitled; and (2) the Court appears to have overlooked certain specific evidence of abandonment which plaintiffs submitted in support of their motion for partial summary judgment" (Filing No. 227 at 2).  In addition, plaintiffs requested the Court to "delete from its August 29, 2003 Order the first full sentence on page 16 . . . relating to the measure of damages" and "order that, for those class members on whose properties the railroad rights of way were acquired by easement,

the assessment of damages in this case shall proceed under the premise that federal law imposed railbanking and recreational trail use easements on land that would otherwise be unburdened" (*Id.* at 13). The Court denied plaintiffs' motion for reconsideration on May 12, 2004 (Filing No. 240).

The Court agrees with defendant that plaintiffs are impermissibly seeking a second reconsideration of the 2003 Order. "The law of the case is a doctrine that provides that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Morris v. American Nat'l Can Corp.*, 988 F.2d 50, 52 (8th Cir. 1993) (citing *Arizona v. California*, 460 U.S. 605, 618 (1983)). "'The doctrine prevents the relitigation of settled issues in a case, thus protecting the settled expectations of parties, ensuring uniformity of decisions, and promoting judicial efficiency.'" *Id.* (citing *Little Earth of the United Tribes, Inc. v. United States Dep't of Housing & Urban Dev.*, 807 F.2d 1433, 1441 (8th Cir. 1986)). A court should "reconsider a previously decided issue only if substantially different evidence is subsequently introduced or the decision is clearly erroneous and works manifest injustice." *Little Earth*, 807 F.2d at 1441 (citing *United States v. Unger*, 700 F.2d 445, 450 n. 10 (8th Cir. 1983)). "When an error of law is alleged, the proper vehicle for attack on that error is the direct appeal . . . ." *Id.*

The cases plaintiffs cite in their present briefing are substantially the same cases that were before the Court at the time the Court denied the motion for reconsideration of the 2003 Order.  In the briefing on the motion for reconsideration, the plaintiffs admitted they were concerned about the 2003 Order's impact on the measure of damages; moreover, plaintiffs explicitly requested the court to amend the 2003 Order to omit reference to the measure of damages.  The Court denied plaintiffs' request at that time and similarly declines plaintiffs' present request to revisit the Court's determination of the appropriate measure of damages.  Accordingly,

IT IS ORDERED that plaintiffs' motion for determination on measure of damages, to the extent plaintiffs seek a modification of the Court's August 29, 2003, order, is denied.

DATED this 29th day of July, 2008.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court